## No. 2950.

### U. J. ROSENTHAL *v.* L. MYERS.

Where the defendant acted merely as an agent and exhibited his authority, neither doing nor saying anything by which he obligated himself to pay the plaintiff any sum whatever, and nothing was mentioned between them as to compensation; but, on the contrary, notice was given to the plaintiff that the services which he had been bespoken to. perform, were desired from another person;

Held—That whether the plaintiff has or not any legal claim against the principal, it is clear that he has none against the defendant.

APPEAL from the Sixth District Court, parish of Orleans. *Cooley, J. Hawkins & Tharp*, for plaintiff and appellee. *Cotton & Levy*, for defendant and appellant.

HOWELL, J. The plaintiff sues for $1000 upon an alleged employment by defendant to go to Brownsville, Texas, and Matamoros, Mexico, to perform the religious rite of circumcision on two children, alleging that, in compliance with said engagement, he went to said towns, but the parents of the said children refused his services, having employed another party. He avers that his expenses, time, professional skill, etc., were well worth to him the sum claimed.

The defense is a general denial, and the allegation that a letter was written from Brownsville to one Levi in Galveston, Texas, for the Rev. J. Hochwald to perform the said rite, and containing the request if the said Hochwald was absent, the letter should be forwarded to Aaron & Myers in New Orleans, which was done, and the defendant, one of said firm, learning that Hochwald was in California, exhibited the letter to the plaintiff and asked him if he would go, which he agreed to do, the said letter being left with him, plaintiff; that on the next day Hochwald arrived in New Orleans and was advised of the said letter, and both he and defendant notified the plaintiff that he, Hochwald, would go in accordance with the directions in the said letter; and that the custom is not to make any charge for performing the said rite.

There was judgment against defendant for $600, and he appealed.

We think the evidence fails to fix any liability on the defendant for the debt of other parties. He acted merely as the agent of the parents of the two children and exhibited his authority. He neither did nor

said anything by which he obligated himself to pay the plaintiff any sum. Nothing was said between them as to compensation; and he gave immediate notice to the plaintiff that the party desired by the parents of the children would go as requested. Whether the plaintiff has any legal claim against the said parents or not, it is clear that he has none against the defendant.

It is therefore ordered that the judgment appealed from be reversed, and that there be judgment in favor of defendant, with costs in both courts.

Rehearing refused.